```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALFRED DESTEFANIS and
CHRISTINE DESTEFANIS,

                              Plaintiffs,

       -against-

W. CRAIG FUGATE In His Official Capacity
As Administrator Of FEDERAL EMERGENCY
MANAGEMENT AGENCY, An Agency of
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                              Defendant.
----------------------------------------------------------X
```

MEMORANDUM AND ORDER

CV 12-4730

(Wexler, J.)

APPEARANCES:

   RALPH A. HUMMEL, ESQ.
   BY:   RALPH A. HUMMEL, ESQ.
   Attorney for Plaintiffs
   137 Woodbury Road
   Woodbury, New York 11797

   LORETTA E. LYNCH, ESQ.
   UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK
   BY:   ROBERT W. SCHUMACHER, ESQ., Assistant United States Attorney
   Attorney for Defendant
   610 Federal Plaza
   Central Islip, New York 11722

WEXLER, District Judge:

   Before the Court is the Defendant's motion for a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that the Court lacks subject matter over this action. Plaintiffs oppose the motion.

BACKGROUND

Plaintiffs, Alfred DeStefanis and Christine DeStefanis ("Plaintiffs"), are the insureds under a Standard Flood Insurance Policy ("SFIP") issued by the Federal Emergency Management Agency ("FEMA") through its National Flood Servicing Agent to provide coverage for Plaintiffs' property located at 32 Jefferson Avenue, Bayville, New York. (Compl. ¶¶ 5-6.) Plaintiffs' insurance policy was effective June 16, 2011 through June 16, 2012 and provided for $250,000 of coverage for loss to Plaintiffs' dwelling and $20,200 in contents coverage, each of which was subject to a $2,000 deductible. (Compl. ¶ 5; Christian Decl. ¶ 5.)

On August 28, 2011, Plaintiffs suffered a loss by flood to their property as a result of Tropical Storm Irene.[1] (Compl. ¶ 7.) Plaintiffs notified FEMA of their flood loss on September 1, 2011. (Compl. ¶ 10; Christian Decl. ¶ 7.) FEMA, through its servicing agent, CSC, identified Continental Claims ("Continental") as the Independent Adjusting company assigned to the loss, who, in turn, assigned an independent adjuster, Alan Scull ("Scull") to assist Plaintiffs with their loss. (Christian Decl. ¶ 8.)

Scull inspected Plaintiffs' property on September 9, 2011 and found that the original structure had been substantially improved over the years with forty-one inches of soil filled in around the building, thereby creating a basement as defined in Plaintiffs' SFIP,[2] which limited the amount of loss Plaintiffs could claim. (Christian Decl. ¶ 10.) Applying the SFIP's basement

---

[1] Although Irene began as a hurricane, it was downgraded to a tropical storm as it made landfall in New York.

[2] The SFIP defines a "basement" as "[a]ny area of the building, including any sunken room or sunken portion of a room, having its floor below ground level (subgrade) on all sides." 44 C.F.R. Pt. 61 App. A(1), Art. II(B)(5).

limitations, Scull determined the amount owed to Plaintiffs for the building portion of their flood loss to be $10,321.58 plus $1,921.51 for Replacement Cost Coverage. (Christian Decl. ¶ 11 and Ex. A-4, annexed thereto.) Based on additional information provided by Plaintiffs, Scull subsequently revised his determination of Plaintiffs' building flood loss to be $11,347.35 plus $1,921.51 in Replacement Cost Coverage, for a total of $13,268.86. (Christian Decl. ¶ 13 and Ex. A-6, annexed thereto.)

Scull prepared a proof of loss for this amount, which Plaintiffs executed on November 14, 2011. (Christian Decl. ¶ 13 and Ex. A-6.) Plaintiffs disagreed with Scull's determination and with the application of the basement limitation to their claim. (Christian Decl. ¶ 13.) Accordingly, Plaintiffs included a handwritten note at the bottom of the Proof of Loss form stating "[w]e are NOT in agreement with this settlement and will appeal!" (Christian Decl. ¶ 13 and Ex. A-6.) FEMA issued Plaintiffs a check for $13,268.67 on November 22, 2011.[3] (Christian Decl. ¶ 14 and Ex. A-8, annexed thereto.)

On November 29, 2011, Plaintiffs spoke with CSC Claims Examiner Kshatriya Godfrey ("Godfrey") and advised Godfrey that they believed that their property was incorrectly inspected in that it should not be classified as having a basement. (Christian Decl. ¶ 16 and Ex. A-10, annexed thereto.) Godfrey advised Plaintiffs of the claims appeals process under the National Flood Insurance Program ("NFIP") as well as the SFIP's basement limitation, which Godfrey also included in a denial letter dated that same day. (Christian Decl. ¶ 16 and Ex. A-10.)

---

[3] Plaintiffs also filed a proof of loss dated November 22, 2011 for $20,200 under the contents coverage portion of their flood insurance policy. (DeStefanis Decl., Ex. B.) It is unclear from the papers submitted to the Court whether this claim was paid by FEMA. Nonetheless, the issue raised in this motion concerns only the building coverage portion of Plaintiffs' insurance policy and the partial denial of Plaintiffs' building coverage claim.

Godfrey's letter to Plaintiffs also advised them of their right to commence a lawsuit within one year of the date of the denial letter. (Christian Decl. ¶ 16 and Ex. A-10.)

Plaintiffs filed their appeal on December 12, 2011 along with supporting photographs. (Christian Decl. ¶ 17 and Ex. A-12, annexed thereto.) Plaintiffs also hired their own Public Adjuster, Jerry E. Kotler Associates, Inc. ("Kotler"), to adjust their claim. (Christian Decl. ¶ 18 and Ex. A-13, annexed thereto.) Kotler, in turn, hired VSC Services ("VSC") to prepare a claim for Plaintiffs' flood damage. (Christian Decl. ¶ 18 and Ex. A-14, annexed thereto.) VSC determined Plaintiffs' flood damage claim to be $62,039.07. (Christian Decl. ¶ 18 and Ex. A-14.)

On January 3, 2012, FEMA again issued a denial letter to Plaintiffs' based on the SFIP's basement limitation. (Compl. ¶ 11; Christian Decl. ¶ 19 and Ex. A-15, annexed thereto.) On February 27, 2012, Scull prepared a supplemental claim for Plaintiffs in the amount of $2,612.99 for drywall and insulation repair that he failed to take into account in his original adjustment. (Christian Decl. ¶ 20 and Ex. A-16, annexed thereto.) Although Plaintiffs were beyond the 150-day extension period to submit their supplemental proof of loss,[4] FEMA granted Plaintiffs a limited waiver of the deadline. (Christian Decl. ¶ 21 and Ex. A-17, annexed thereto.) FEMA issued Plaintiffs a check in the amount of $2,612.99 on March 8, 2012. (Christian Decl. ¶ 21 and Ex. A-18, annexed thereto.)

On May 17, 2012, FEMA affirmed its denial of Plaintiffs' claim based on the SFIP's

---

[4] FEMA had twice extended the sixty-day proof of loss submission deadline for various states, including New York, due to the extent of the damage caused by Hurricane Irene - first, on September 14, 2011 and again on November 22, 2011. (Christian Decl. ¶¶ 12, 15 and Ex. A-5 and A-9, annexed thereto.) Accordingly, insureds had a total of 150 days from the date of loss, or until January 25, 2012, to submit executed proofs of loss. (Christian Decl., Ex. A-9.)

basement limitation. (Christian Decl. ¶ 22 and Ex. A-19, annexed thereto.) In total, FEMA paid Plaintiffs $15,881.86 for the flood loss incurred on August 28, 2011. (Christian Decl. ¶ 24.)

Plaintiffs commenced the within action on September 21, 2012, alleging that they have not been properly compensated under their flood insurance policy for their loss. Plaintiffs assert that they are entitled to benefits arising under the insurance policy in the amount of $93,549.22, (Compl. ¶ 9), and that FEMA has only paid them $13,722.80, leaving a balance due of $79,826.42. (Compl. ¶ 11.)

## DISCUSSION

I. Legal Standard

Defendant moves for a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), on the grounds that the Court lacks subject matter jurisdiction because Plaintiffs never filed a proof of loss for the amount they claim to be owed. Where, as here, a defendant is using a Rule 12(c) motion to challenge the Court's subject matter jurisdiction, "the court should apply the same standard as that applicable to a motion under Rule 12(b)(1)." United States v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 441 (E.D.N.Y. 1992) (citation omitted).

A district court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of jurisdiction, the Court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to Plaintiff[]." Wood v. GMC, No. CV 08-5224, 2010 U.S. Dist.

LEXIS 96157, at *9 (E.D.N.Y. Aug. 23, 2010) (quoting J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004)) (additional citation omitted) (alteration in original). The Court may also "consider evidence outside the pleadings, such as affidavits" when determining whether it has jurisdiction. Stoothoff v. Apfel, No. 98 Civ. 5724, 1999 U.S. Dist. LEXIS 10459, at *1 n.1 (S.D.N.Y. July 7, 1999) (citing cases). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Wood, 2010 U.S. Dist. LEXIS 96157, at *9 (quoting Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005)).

II.   The National Flood Insurance Program

Under the National Flood Insurance Act of 1968, 42 U.S.C. §§4001-4127 ("NFIA"), "the federal government provides flood insurance subsidies and local officials are required to adopt and enforce various management measures." Palmieri v. Allstae Ins. Co., 445 F.3d 179, 183 (2d Cir. 2006). The NFIA provided for the creation of the NFIP, which is administered by FEMA and supported by taxpayer funds, to "pay for claims that exceed the premiums collected from the insured parties." Jacobson v. Metropolitan Property & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012) (citation omitted). "Congress has authorized FEMA to 'prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance.'" Id. (quoting 42 U.S.C. § 4019). "This regulatory scheme, including the terms and exact language of the SFIP, is recorded in the Code of Federal Regulations." Jacobson, 672 F.3d at 174 (citing 44 C.F.R. §§ 61.1-78.14).

In 1983, FEMA created the Write Your Own ("WYO") program, which allows private

insurance companies to issue SFIPs in their own names as "fiscal agent[s] of the Federal Government." 44 C.F.R. § 62.23(a), (g). "Thus, while the private insurance companies administer the federal program, '[i]t is the Government, not the companies, that pays the claims.'" Jacobson, 672 F.3d at 175 (quoting Palmieri, 445 F.3d at 184) (additional citation omitted).

All SFIPs require an insured claiming a flood loss to submit a signed and sworn proof of loss within sixty days of the loss. See 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). The failure to do so "bars recovery under a Federal Flood Insurance Policy." Unger v. Liberty Mut. Ins. Co., 849 F. Supp. 839, 846 (E.D.N.Y. 1994) (citing cases). Prior to the decision in Jacobson v. Metropolitan Property & Casualty Insurance Company, 672 F.3d 171 (2d Cir. 2012), the Second Circuit had not specifically addressed the interpretation of SFIP proof of loss requirements. See id. at 175. In that decision, however, the Second Circuit noted that many of its sister circuits had done so and had "uniformly held that those requirements must be strictly construed and enforced." Id. (collecting cases). In Jacobson, the Second Circuit held that it was "adopt[ing] the same standard . . . in part because there is a compelling interest in assuring uniformity of decision in cases involving the NFIP." Id. (citation and internal quotation marks omitted).

Here, Defendant asserts that the Court lacks jurisdiction over this action because Plaintiffs failed to file a proof of loss for the amount of damages they claim. According to Defendant, all of the proofs of loss that were filed by Plaintiffs with FEMA were paid in full. In response, Plaintiffs offer a three page memorandum of law that merely sets forth the legal standard for a Rule 12(c) motion and then goes on to state that Defendant is not entitled to the "drastic relief sought" because no discovery has been conducted and Plaintiffs have not had an

opportunity to pursue their case beyond the filing of their Complaint. (Pl. Mem. of Law 1-3.) Plaintiffs also offer the declaration of Plaintiff Christine DeStefanis, which simply reiterates the sparse facts contained in the Complaint as well as the argument offered in their Memorandum of Law.

Nowhere in their papers do Plaintiffs refute Defendant's claim that they failed to file a proof of loss for the damages they now claim to be owed. Plaintiff Christine DeStefanis states in her declaration that she and her husband, Plaintiff Alfred DeStefanis, submitted four proofs of loss to FEMA, for: (1) $13,268.67; (2) $20,200; (3) $2,612.99; and (4) $10,312.58. (DeStefanis Decl. ¶ 9 and Ex. A-D, annexed thereto.) The first and the third proofs of loss have been paid by FEMA in full, for $13,268.67 and $2,612.99, respectively. (Christian Decl, Ex. A-8, A-18.) With respect to the second proof of loss for $20,200, that proof of loss explicitly states on it that it is for contents losses. (DeStefanis Decl., Ex. B.) As stated supra, Plaintiffs SFIP included two types of coverage - building coverage of $250,000 and contents coverage of $20,200. This action involves FEMA's partial denial of Plaintiffs' claim concerning their building loss. No mention is made in any of the exhibits offered or the Complaint concerning Plaintiffs' contents coverage. Finally, although Plaintiffs submit a fourth proof of loss detailing $10,312.58 that they claim to have sought from FEMA, this proof of loss is neither signed nor dated. Accordingly, there is nothing before the Court to substantiate that this proof of loss was ever filed with FEMA. Regardless, even if the Court accepts as true the fourth proof of loss, it does not equal the amount of damages that Plaintiffs now seek - $79,826.42. Nor would aggregating the second and fourth proofs of loss. Even if the Court totaled all of the proofs of loss Plaintiffs allege to have filed, including the ones paid by FEMA in full, they would still fail to substantiate the damages that

Plaintiffs are claiming.

Plaintiffs argue that they need discovery to substantiate their claims. However, if Plaintiffs filed a proof of loss for the amount of damages they seek, that would be in their possession. Discovery is not necessary for such information. Moreover, as stated above, Plaintiffs do not refute that they failed to file a proof of loss for the amount of damages claimed. As such, Plaintiffs have failed to satisfy a condition precedent to commencing this action. See Kehoe v. Travelers Ins. Co., No. 1:08-CV-566, 2009 U.S. Dist. LEXIS 1585, at *7 (N.D.N.Y. Jan. 12, 2009) (holding that plaintiff's "failure to timely submit a proper proof of claim bars the present action as a matter of law"); Exim Mortgage Banking Corp. v. Witt, 16 F. Supp. 2d 174, 178 (D. Conn. 1998) (granting defendant's Rule 12(b)(1) motion to dismiss on the grounds that "[b]ecause the plaintiff failed to file a formal proof of loss within sixty days of the date of loss, the court lacks subject matter jurisdiction over the action").

## CONCLUSION

For the foregoing reasons, Defendant's motion for a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), is granted and Plaintiff's Complaint is dismissed in its entirety. The Clerk of the Court is directed to terminate the motion filed under docket entry number 10 and to thereafter close the file in this case.

SO ORDERED:

                                      s/ Leonard D. Wexler
                                 LEONARD D. WEXLER
                                 UNITED STATES DISTRICT JUDGE

Central Islip, New York
December 19, 2013